No. 665. BECK *v.* WASHINGTON. Petition for writ of certiorari to the Supreme Court of Washington granted limited to questions 1, 2, and 3 presented by the petition, which read as follows:

"1. Where accusation is by a grand jury indictment, does a person (in this case a member and officer of a labor

union who at the time of the grand jury proceedings was the subject of continuous, extensive, and intensely prejudicial publicity) have a right under the due process and equal protection clauses of the Fourteenth Amendment to have the charges and evidence considered by a grand jury which was fair and impartial or, at least, which was instructed and directed to act fairly and impartially?

"(a) Where petitioner was a member and officer of a labor union, and where prejudicial and inflammatory charges against him were being widely and intensively disseminated by all news media, did he have a right under the due process and equal protection clauses of the Fourteenth Amendment to have the grand jury impaneled in a manner which would prevent or at least tend to prevent the selection of biased and prejudiced grand jurors?

"(b) Was it a denial of due process and equal protection as guaranteed by the Fourteenth Amendment for the Court, in the course of instructing the grand jury, to make statements of an inflammatory nature, prejudicial to petitioner, including a statement that testimony before a United States Senate Committee had disclosed that officers of the Teamsters Union (including petitioner) '. . . had, through trick and device, embezzled or stolen hundreds of thousands of dollars of the funds of that union—money which had come to the union from the dues of its members . . . ?'

"(c) Were petitioner's rights under the due process and equal protection clauses of the Fourteenth Amendment violated by inflammatory statements of the prosecutors made in secret session of the grand jury, including statements of disbelief of testimony favorable to petitioner, threats of perjury charges against a witness who gave testimony favorable to petitioner, and other statements of an inflammatory nature prejudicial to petitioner?

"2. Was the petitioner's right to a fair trial, as guaranteed by the due process and equal protection clauses of

the Fourteenth Amendment, violated where a timely motion for a continuance was denied, although inflammatory and prejudicial statements concerning petitioner had been widely and intensively disseminated in the press and in national magazines, and through the media of radio and television, commencing prior to the indictment of petitioner and continuing until the date of trial?

"3. Was the petitioner's right to a fair trial, as guaranteed by the due process clause of the Fourteenth Amendment, violated where a seasonable application for a change of venue was denied, although inflammatory and prejudicial statements concerning petitioner had been widely and intensively disseminated in the press and in national magazines, and through the media of radio and television, commencing prior to the indictment of petitioner and continuing until the date of trial?"